UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY,
as they are TRUSTEES, INTERNATIONAL UNION
OF OPERATING ENGINEERS LOCAL 4 HEALTH
AND WELFARE, PENSION AND ANNUITY FUNDS,
and LOUIS G. RASETTA and CHRISTOPHER
BARLETTA, as they are TRUSTEES, HOISTING AND
PORTABLE ENGINEERS LOCAL 4 APPRENTICE
AND TRAINING FUNDS and INTERNATIONAL
UNION OF OPERATING ENGINEERS, LOCAL 4,
      Plaintiffs

vs.

FIDELITY AND DEPOSIT COMPANY OF
MARYLAND,
      Defendant

04 CV 12311 RCL

MAGISTRATE JUDGE Bowler

C.A. No.

RECEIPT # 59901
AMOUNT $150
SUMMONS ISSUED Yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK
DATE 10/29/04

## COMPLAINT

### NATURE OF ACTION

1.      This is a claim brought pursuant to the Miller Act, 40 U.S.C. §270a *et seq,* by the Trustees of multi-employer benefit plans and a labor union, to recover unpaid fringe benefit contributions and dues due the plans and Union for work performed under a Miller Act bond.

### JURISDICTION

2.      The Court has jurisdiction of this action pursuant to 40 U.S.C. §270a, without respect to the amount in controversy or the citizenship of the parties.

### PARTIES

3.      Plaintiffs Louis G. Rasetta and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Health and Welfare Fund. The International

Union of Operating Engineers Local 4 Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

4. Plaintiffs Louis G. Rasetta and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Pension Fund. The International Union of Operating Engineers Local 4 Pension Fund is an "employee pension benefit plan" within the meaning of §3(2) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

5. Plaintiffs Louis G. Rasetta and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Annuity Fund. The International Union of Operating Engineers Local 4 Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

6. Plaintiffs Louis G. Rasetta and Christopher Barletta are Trustees of the Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund. The Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at One Engineers Way, Canton, Massachusetts, within this judicial district.

7. The Health and Welfare, Pension, Annuity, Apprenticeship and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds."

8. The International Union of Operating Engineers, Local 4 ("Local 4" or "the Union") is a labor organization within the meaning of §301 of the LMRA, 29 U.S.C. §185.

Local 4 has a principal place of business at 53 Trotter Drive, Medway, Massachusetts, within this judicial district.

9. Defendant Fidelity & Deposit Company of Maryland ("Fidelity") is a surety company with a principal place of business at P.O. Box #17138, Baltimore, Maryland.

## GENERAL ALLEGATIONS OF FACT

10. General Air Conditioning & Heating, Inc. ("General Air") was the prime contractor on a construction project identified as Hanscomb Air Force Base Chilled Water Lines ("Hanscomb") and, as required by 40 U.S.C. §270a *et seq*, M.G.L. c. 149, s. 29, General Air executed and furnished a labor and material payment bond to the Owner, Hanscomb Air Force Base, with respect to this Project, naming itself as Principal and defendant Fidelity as Surety. A copy of that bond is attached hereto as Exhibit A.

11. General Air thereafter subcontracted certain work on the Hanscomb job to ODF Contracting, Inc. ("ODF").

12. ODF was signatory to and bound by a collective bargaining agreement with the International Union of Operating Engineers, Local 4 that was effective from June 1, 1999 through May 31, 2005 ("the Agreement"). A copy of ODF's signed letter of assent is attached hereto as Exhibit B. A copy of the relevant pages of the collective bargaining agreement is attached hereto as Exhibit C.

13. The Agreement obligates ODF to make contributions to Plaintiff Funds for each payroll hour for each person covered by the Agreement, in accordance with the rates set forth on the Schedules of Wages.

14. Pursuant to the Agreement, ODF is also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for union dues.

15.     Finally, the Agreement requires employers to pay interest at the rate of 1% per month on all contributions not received at the Fund Office by the last day of the month following the month during which the work was performed and cover all costs, inclusive of legal fees, incurred by the Union or the Funds in the collection of the delinquent contributions.

## **VIOLATION OF 40 U.S.C. §270a *ET SEQ***

16.     Plaintiffs hereby repeat and incorporate by reference paragraphs 1 through 15 as set forth in their entirety herein.

17.     At various times between June and December, 2003, ODF sought and obtained operators from the Union to work on the Hanscomb job.

18.     ODF failed to pay all contributions due the Funds for the work these operators performed.

19.     By certified and regular mail dated December 24, 2003, the Funds and Union notified the Owner, General Air and defendant Fidelity of their claims that ODF owed $4,663.09 in contributions, dues and interest through August, 2003 (the only period for which they had documentation) and an as yet unidentified amount for work performed thereafter. The Funds and Union sought payment of the $4,663.09 and of any and all additional contributions. Copies of those letters are attached hereto as Exhibit D.

20.     General Air sought documentation of the claim, which was provided by letter dated February 9, 2004. In that letter, a copy of which is attached as Exhibit E, the plaintiffs sought copies of ODF's certified payroll records for the period September, 2003 through January, 2004, as they were unable to obtain these or any other records from ODF.

21. General Air failed to provide these documents. However, individual employees provided the Funds with copies of their pay stubs for the Hanscomb job, in May, 2004.

22. Based on these records, the plaintiffs revised their claim and provided notice of the revised claim in the amount of $17,070.95, representing the delinquent contributions, dues and interest owed through December 27, 2003, with copies of supporting documentation, by fax and mail to Fidelity and General Air on June 22, 2004. A copy of that correspondence is attached hereto as Exhibit F.

23. To date, defendant Fidelity has failed to pay this claim.

24. Fidelity's failure to pay the contributions, interest, dues, fees and costs owed on the Hanscomb job is in violation of 40 U.S.C. §270a *et seq* and in breach of the terms of the bond.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiffs respectfully pray for judgment as follows:

1. Enter judgment in favor of the plaintiffs in the amount of $17,070.95, representing the unpaid fringe benefit contributions, interest and dues, together with reasonable attorneys' fees, and costs; and

2. Such further and other relief as this Court deems appropriate.

Respectfully submitted,

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et al,

By their attorneys,

*Anne R Sills*
Anne R. Sills, Esquire
BBO #546576
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA 02108
(617) 742-0208

Dated: October 28, 2004

ARS/ars&ts
3118 03-391/complt-fidelity.doc

6